UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KAREN CORNER,

    Plaintiff,

Case No. 16-12506

v.

HON. _____
United States District Judge

BOSE CORPORATION HEALTH
AND INSURANCE BENEFIT PLAN
and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

HON. _____
Magistrate Judge

    Defendants.

_____

# **COMPLAINT**

Now comes Plaintiff Karen Corner, by and through counsel, and for her Complaint against Defendants, alleges as follows:

## Nature of Action

1. This is an action to:

   a. Enforce the terms of a welfare benefit plan administered pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), as authorized under 29 U.S.C. § 1132(a)(3);

   b. Enjoin acts and practices which violate the terms of the ERISA plan, as authorized under 29 U.S.C. § 1132(a)(3); and

   c. To the extent that Plaintiff's funds are subject to an equitable lien imposed by an ERISA benefit plan, require reimbursement by a Michigan no-fault automobile insurance company.

## Jurisdiction and Venue

2. This Court has exclusive jurisdiction over the ERISA claims pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## Parties

5. Plaintiff Karen Corner (hereinafter "Ms. Corner) is a resident of Macomb County, Michigan.

6. Defendant Bose Corporation Health and Insurance Benefit Plan (hereinafter "the Bose Plan") is a welfare benefit plan administered "solely in the interest of the participants and beneficiaries" of the plan pursuant to ERISA, 29 U.S.C. § 1104(a)(1), and the Bose Plan is an entity that may sue or be sued under ERISA, 29 U.S.C. § 1132(d)(1). The administrative office of the Bose Plan is located in Framingham, Massachusetts, and the Bose Plan provides health benefits to employees of Bose Corporation throughout Michigan, including Macomb County, where it is subject to personal jurisdiction and resides within the meaning of 28 U.S.C. § 1391(c)(2).

7. Defendant State Farm Mutual Automobile Insurance Company (herinafter "State Farm") is an Illinois insurance company that regularly does business throughout Michigan, including Macomb County, where it is subject to personal jurisdiction and resides within the meaning of 28 U.S.C. § 1391(c)(2).

## **General Allegations**

8. At all material times, Ms. Corner has been a participant in the Bose Plan.

9. At all material times, Ms. Corner also has been insured under a contract of Michigan no-fault automobile insurance with State Farm, including coverage for personal injury protection (PIP) benefits.

10. On October 15, 2014, Ms. Corner suffered serious injuries in a motor vehicle crash in Dearborn Heights, Michigan, when a vehicle driven by Tiffany Takessian failed to yield at a stop sign while entering Ford Road from a side street and crashed into Ms. Corner's vehicle.

11. As a result of the crash, Ms. Corner suffered serious injuries including but not limited to a severe fracture of her left wrist that ultimately required open reduction and internal fixation surgery.

12. In addition to this surgery, Ms. Corner's treatment resulting from the crash has included extensive therapy and pain management.

13. As a result of the injuries suffered in the October 15, 2014 crash, Ms. Corner has incurred substantial medical expenses.

14. Payment of many of Ms. Corner's medical expenses has been advanced by the Bose Plan.

15. Despite all of the medical treatment she received, Ms. Corner continued to suffer diminished use of her left arm and constant pain, and she has suffered a serious impairment of body function within the meaning of M.C.L. § 500.3135, thereby entitling Ms. Corner to recover noneconomic damages from Ms. Takessian.

16. However, Ms. Takessian was uninsured at the time of the crash, which forced Ms. Corner to make a claim for uninsured motorist benefits with her own insurer, State Farm.

17. State Farm now has settled the uninsured motorist claim with Ms. Corner to compensate her for her noneconomic loss resulting from the crash.

18. Because Ms. Takessian was uninsured, State Farm is subrogated to Ms. Corner's claims against Ms. Takessian to the extent of State Farm's payments, and on May 2, 2016, State Farm's counsel notified Ms. Corner that State Farm is pursuing its claims through subrogation against Ms. Takessian.

19. State Farm also is responsible for paying Ms. Corner's medical expenses resulting from the crash under the PIP coverage of the State Farm insurance contract.

20. The State Farm no-fault insurance contract provides coverage for all of Ms. Corner's allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for her care, recovery, or rehabilitation arising from the October 15, 2014 crash.

21. To the extent that State Farm makes payments required under its PIP coverage, it may be entitled to subrogation against Ms. Takessian for those claims as well.

22. However, State Farm has asserted that it is secondary to the Bose Plan in priority of coverage with regard to expenses arising from the October 15, 2014 crash, and although State Farm may be entitled to subrogation for such payments, State Farm has simply declined to make these payments.

23. The declarations for State Farm's PIP coverage for Ms. Corner indicate that the coverage includes "coordinated medical expenses," and under the terms of the State Farm insurance contract, this means that benefits payable by State Farm are reduced by any amount "paid or payable" for the same expenses by any other insurance coverage.

24. Consequently, State Farm has contended that its PIP coverage is secondary to any amounts "paid or payable" by the Bose Plan for Ms. Corner's medical expenses arising from the October 15, 2014 crash.

25. The Bose Plan has contracted with Aetna Life Insurance Company to serve as a claim administrator, and through Aetna, the Bose Plan apparently has engaged the services of the Rawlings Company to seek reimbursement of expenses advanced by the Bose Plan for Ms. Corner's medical treatment.

26. Rawlings has asserted that the Bose Plan is a self-funded welfare benefit plan administered pursuant to ERISA, and that the terms of the Bose Plan entitle it to reimbursement from Ms. Corner's uninsured motorist recovery of all of the accident-related medical expenses advanced by the Bose Plan.

27. As of November 12, 2015, Rawlings has asserted that the Bose Plan has advanced $26,552.09 to satisfy $54,153.75 in provider claims for medical treatment of Ms. Corner's injuries suffered in the October 15, 2014 crash, and the Bose Plan is seeking reimbursement of all of its advanced expenses from Ms. Corner's uninsured motorist recovery.

28. Rawlings has provided Ms. Corner with an Aetna Booklet purporting to describe the terms of the Bose Plan applicable to Ms. Corner under these circumstances.

29. The Aetna Booklet contains an extensive "Subrogation and Right of Recovery Provision" describing the Bose Plan's subrogation, reimbursement, constructive trust, and lien rights.

30. This provision of the Aetna Booklet indicates that the Bose Plan is subrogated to all of Ms. Corner's rights and entitled to reimbursement of its advanced expenses from any "responsible party," which is defined to include both uninsured motorist coverage and no-fault automobile insurance coverage.

31. Consequently, under the terms described in the Aetna Booklet, the Bose Plan is entitled to reimbursement from State Farm's PIP coverage for the expenses advanced by the Bose Plan for Ms. Corner's accident-related medical treatment.

32. Thus, under the terms of the Bose Plan described in the Aetna Booklet, the advanced expenses subject to reimbursement ultimately were not "paid or payable" by the Bose Plan, and therefore, not subject to reduction under State Farm's coordinated PIP coverage.

33. The Aetna Booklet provided to Ms. Corner also expressly disavows coverage of expenses covered by State Farm, declaring: "Your health plan is always secondary to automobile no-fault coverage, personal injury protection coverage, or medical payments coverage."

34. Thus, because the Bose Plan coverage described by the Aetna Booklet is that of a self-funded ERISA plan, the State Farm PIP coverage is primary in priority with regard to Ms. Corner's accident-related expenses notwithstanding the terms of State Farm's coordination clause.

35. State Farm's coordination clause actually anticipates this possibility, providing that "we will not pay the first $500 of the remaining allowable expenses that were incurred for bodily injury to you or any resident relative if there is no other medical insurance applicable to the bodily injury at the time of the accident."

36. Therefore, because the Bose Plan coverage described in the Aetna Booklet is not applicable to Ms. Corner's injuries due to the reimbursement provision and disavowal of coverage duplicating no-fault insurance, the State Farm PIP coverage is primary, subject to a $500 deductible.

37. Nevertheless, State Farm has refused to accept primary status or reimburse the Bose Plan, although requested to do so.

38. Although the Bose Plan has a right of reimbursement directly from State Farm, Rawlings has continued to seek reimbursement from Ms. Corner's uninsured motorist benefits without seeking reimbursement from State Farm.

39. Unless corrected, this conflict would leave Ms. Corner without the protection of either her State Farm PIP coverage or her health benefits under the Bose Plan, and she would be forced to pay her accident-related medical expenses from her noneconomic uninsured motorist recovery.

40. A Michigan statute has abolished tort liability for certain damages, including all damages for medical expenses, that may be incurred as a result of a motor vehicle collision in Michigan. M.C.L. § 500.3135(3).

41. Therefore, the uninsured motorist recovery paid by State Farm to Ms. Corner for her tort damages cannot include compensation for medical expenses as a matter of law, and it would be inequitable to force Ms. Corner to pay her medical expenses from this fund.

42. Consequently, Ms. Corner has filed this action to resolve these controversies.

## Count I: Enforcement of ERISA Plan Terms
## Pursuant to 29 U.S.C. § 1132(a)(3)

43. Plaintiff restates all of the preceding allegations as incorporated herein.

44. ERISA authorizes plan participants such as Ms. Corner to seek appropriate equitable relief to enforce the terms of a benefit plan pursuant to 29 U.S.C. § 1132(a)(3).

45. The Bose Plan described in the Aetna booklet contains a provision entitling it to reimbursement of its advanced expenses from any "responsible party," which is defined to include no-fault insurance coverage.

46. Therefore, the Bose Plan has a direct right of reimbursement from State Farm for all of the accident-related expenses the Bose Plan has advanced on behalf of Ms. Corner.

47. The Bose Plan described in the Aetna Booklet also contains an exclusion that expressly disavows coverage of any expenses that may be covered by no-fault automobile insurance such as the State Farm PIP coverage.

48. Enforcing these terms of the Bose Plan, the preemptive power of ERISA effectively nullifies conflicting state law provisions, and this express disavowal of benefits covered by no-fault insurance effectively renders State Farm's PIP coverage primary in the order of priority.

49. Therefore, it would be appropriate for the Court to enforce the terms of the Bose Plan in accordance with 29 U.S.C. § 1132(a)(3), determining that the Bose Plan as a direct right of reimbursement from State Farm, and that State Farm's PIP coverage is primary in the order of priority under the circumstances of this case.

50. It would also be appropriate for the Court to award Plaintiff the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

Wherefore, Plaintiff requests this Honorable Court to enforce the terms of the Bose Plan in accordance with 29 U.S.C. § 1132(a)(3), determining that the Bose Plan as a direct right of reimbursement from State Farm, and that State Farm's PIP coverage is primary in the order of priority under the circumstances of this case, and to award Plaintiff the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

## Count II: Enjoining Acts and Practices Violating ERISA Plan Terms Pursuant to 29 U.S.C. § 1132(a)(3)

51. Plaintiff restates all of the preceding allegations as incorporated herein.

52. ERISA authorizes plan participants such as Ms. Corner to enjoin any act or practice which violates any provision of ERISA or the terms of an ERISA plan. 29 U.S.C. § 1132(a)(3).

53. The terms of the Bose Plan described in the Aetna Booklet impose a lien "upon any recovery … related to treatment for any illness, injury or condition for which the plan paid benefits."

54. A Michigan statute has abolished tort liability for certain damages, including all damages for medical expenses, that may be incurred as a result of a motor vehicle collision in Michigan. M.C.L. § 500.3135(3).

55. The uninsured motorist benefits paid by State Farm compensate Ms. Corner only for this noneconomic tort loss, excluding compensation for medical expenses.

56. Therefore, as a matter of law, the uninsured motorist recovery does not relate to "treatment for any illness, injury or condition for which the plan paid benefits."

57. Consequently, asserting a lien against Ms. Corner's uninsured motorist recovery would violate the terms of the Bose Plan described in the Aetna Booklet.

58. Nevertheless, Rawlings has continued to assert a lien against Ms. Corner's uninsured motorist recovery on behalf of the Bose Plan.

59. Therefore, it would be appropriate for the Court to enjoin the Bose Plan and its contractors from asserting any lien or right of reimbursement against Ms. Corner's uninsured motorist recovery.

60. It would also be appropriate for the Court to award Plaintiff the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

Wherefore, Plaintiff requests this Honorable Court to enjoin the Bose Plan and its contractors from asserting any lien or right of reimbursement against Ms.

Corner's uninsured motorist recovery, and to award Plaintiff the reasonable attorney fees and costs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

### Count III: Reimbursement of Tort Lien by State Farm

61. Plaintiff restates all of the preceding allegations as incorporated herein.

62. The applicable exclusion contained in the State Farm insurance contract provides that benefits payable by State Farm are reduced only to the extent that the same expenses are "paid or payable" by any other insurance coverage.

63. The Bose Plan has asserted that it is entitled to reimbursement of the expenses it advanced on behalf of Ms. Corner from her uninsured motorist recovery.

64. To the extent that the Bose Plan is deemed to be entitled to such reimbursement, the advanced expenses ultimately will not be "paid or payable" within the meaning of the State Farm insurance contract.

65. State Farm's coordination clause anticipates this possibility, providing that "we will not pay the first $500 of the remaining allowable expenses that were incurred for bodily injury to you or any resident relative if there is no other medical insurance applicable to the bodily injury at the time of the accident."

66. Thus, to the extent that the Bose Plan is deemed to be entitled to reimbursement of its advanced expenses from Ms. Corner's uninsured motorist recovery, these expenses will not be "paid or payable," and State Farm is obligated to reimburse Ms. Corner for these expenses subject to the stated $500 deductible.

67. Therefore, it would be appropriate for the Court to determine that Ms. Corner is entitled to reimbursement from State Farm of any expenses she must reimburse to the Bose Plan from her uninsured motorist recovery.

Wherefore, Plaintiff requests this Honorable Court to determine that she is entitled to reimbursement from State Farm of any expenses she must reimburse to the Bose Plan from her uninsured motorist recovery, and to award her any applicable costs, interest, and attorney fees.

                              Respectfully submitted,

                              s/Robert B. June
                              Robert B. June
                              Law Offices of Robert June, P.C.
                              Attorney for Plaintiff
                              415 Detroit Street, 2nd Floor
                              Ann Arbor, MI 48104-1117
                              Phone: (734) 481-1000
                              Primary E-Mail: bobjune@junelaw.com
                              Attorney Bar Number: P51149

Dated: July 5, 2016